No. 23,761.

F. J. HERMANN et al., *Appellees*, v. OWEN J. LARKIN et al., as County Commissioners of the County of Nemaha, and EFFIE M. BROWN, as County Clerk, *Appellants.*

SYLLABUS BY THE COURT.

ROAD IMPROVEMENTS—*Order of County Commissioners Conditional—Order Not Effective—Cannot be Enforced by Mandamus.* Under the statute which requires that as a preliminary to the construction of proposed road improvements the county board must find them to be of public utility, where an entry is made upon the commissioners' journal reciting that it was found that the improvements asked are of public utility and are ordered made upon condition that the road connects with others outside of the county and that federal aid should be received, this language is to be construed as attaching the conditions to the finding as well as to the order, and such a conditional finding is not sufficient to authorize an order for the construction of the proposed improvements.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed December 21, 1921. Reversed.

*R. M. Emery, jr.,* of Seneca, and *R. F. Hayden,* of Topeka, for the appellants.

*Clifford W. Baldwin,* of Seneca, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: Proceedings in mandamus were brought in the district court against the county commissioners and county clerk of Nemaha county to require them to proceed with the improvement of a little over six miles of a public road, running from Sabetha north to the state line. An alternative writ was issued to which an answer was filed. The plaintiffs then moved for a judgment in their favor upon the pleadings, which motion was sustained. The defendants appeal.

Originally an objection to the proceeding was made on the ground that it could only be brought by a public officer in the name of the state, but that has been expressly waived.

A petition for such improvements was filed May 5, 1919. A notice was published that it would be heard by the county board on May 20. A hearing was had at the time set. An entry on the commissioners' journal, entitled as an order and resolution allowing the petition, recites that on June 26, 1919, the board made a finding (among others) that the improvements as prayed for in the petition were of public utility, and an order that the road should be improved as asked, upon three conditions, namely:

"(1) That said road receive federal aid to the extent of 50% of the cost thereof, up to $30,000 per mile.

"(2) That the proposed capital highway from Omaha to Topeka connected therewith at the north and south ends thereof.

"(3) That the Brown County Commissioners pass a similar resolution for hard surfaced road in Brown County on the proposed Capitol Highway from Netawaka to Sabetha via Fairview."

The defendants assert that inasmuch as the order made was conditional it is not their duty under this record to proceed with the improvement, at least unless it is established that the conditions named have been met. The plaintiffs on the other hand contend that while the order shown is in terms conditional the finding is absolute, and inasmuch as the commissioners found the proposed improvements to be of public utility the statute (Laws 1919, ch. 246, § 1) imposed upon them the imperative duty of causing them to be made, which could not be escaped by the insertion of conditions in the order. We regard the latter view as unsound because it treats the action of the board as made up of two independent steps, the finding and the order. It puts the board in the attitude of saying: The paved road petitioned for is of public utility whether or not it is to connect with any other road and whether or not any federal aid is to be received, but we order it to be constructed only in case such connection exists and such aid is given. That does not appear to be the actual meaning of the record. The entire entry on the commissioners' journal is entitled therein an order and resolution of the county board. It relates to the disposal made of the matter brought before them by the filing of the petition. A finding that the proposed paving is of public utility does not mean merely that it would be of some benefit to the public. It means that it would be of sufficient utility to warrant the expenditure required to lay it. The determination of this question would necessarily involve considering its connection with other road projects and the outside aid that would be available. We think the con-

ditions imposed in the order must be regarded as also relating to the finding, and therefore that by this order or resolution or proceeding—by whatever term the action taken by the board is described—the commissioners did not within the meaning of the statute decide that the proposed improvement was of public utility without regard to the matter of connection or federal aid. Therefore no absolute duty to proceed with the construction arose by reason of the record referred to.

Another entry on the journal sets out that on August 4, 1919, the petition came up for amended final consideration and action and the board found that the improvements were of public utility and ordered them to be made "upon condition that said road receive federal aid to the extent of 50 per cent of cost thereof to $30,000 per mile." The finding so indicated was subject to no condition save that the federal aid should be had, but still was not absolute.

An amendment to the answer made on the day judgment was rendered sets out that on that day (June 7, 1921) the county commissioners adopted a motion undertaking to rescind the order made on June 26, 1919, but ordered that it should not be spread of record or become effective until the final determination of the mandamus proceedings, and then only if the court of final determination should so order. Inasmuch as by its own terms this was not to take effect except by the concurrence of somebody other than the commissioners we cannot interpret it as an order of the board.

To give a basis for hard surfacing a highway the county commissioners must make an absolute and unequivocal finding that it is of public utility. Naturally in such a case as the present they will not like to do this unless it is to be a part of a general system and the usual federal aid is to be had. But in the absence of the machinery for complete coöperation between the different governmental agencies the only course open appears to be for the commissioners, as in any other business transaction in which entire certainty is not attainable, to act upon their best judgment of what is reasonably to be expected; and upon feeling sufficiently assured that there is every probability of these conditions being met, to make an outright and unconditional finding and order in reliance upon such assurance. In the present case the commissioners have not yet taken the action required by them by the statute. They have made purported findings and orders which because of their conditional character are not effective findings and orders at all. They have not, however, lost jurisdiction by their inaction

Hegarty v. Refining Co.

and they still have authority to proceed; indeed it is their duty to take some definite action in the matter.

In the brief of the defendants it is suggested that it was incumbent upon the plaintiffs to prove the regularity of the various proceedings necessary to a valid order for the construction of the road. If the commissioners' journal had showed a proper finding of public utility and an order for the making of the improvements it would seem as a matter of procedure that it was rather for the defendants to point out any claimed irregularities; but the absence of a sufficient finding makes it unnecessary to consider this question further.

The judgment is reversed and the cause is remanded with directions to deny the writ.